UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

---

JORGE PILAR GARCIA, ZACHARY DUCLOS, GEORGE KENT, and JENNIFER MILLER, on behalf of themselves and all others similarly situated,

        Plaintiffs,

v.

E.J. AMUSEMENTS OF NEW HAMPSHIRE, INC. d/b/a FIESTA SHOWS; FIESTA SHOWS, INC. d/b/a FIESTA SHOWS; ATSEIF FESTIVAL MOBILE, INC. d/b/a FIESTA SHOWS; EUGENE DEAN III; EUGENE DEAN; LINDA CHAGROS; NORMA DEAN; and MARY DEAN,

        Defendants.

---

## NOTICE OF REMOVAL

Defendants E.J. Amusements of New Hampshire, Inc. d/b/a Fiesta Shows, Fiesta Shows, Inc. d/b/a Fiesta Shows, Atseif Festival Mobile, Inc. d/b/a Fiesta Shows, Eugene Dean III, Eugene Dean, Linda Chagros, Norma Dean, and Mary Dean ("Defendants") hereby file this Notice of Removal of the above-captioned action from the Massachusetts Superior Court, Suffolk County, Civil Action No. 2013-2204-E, pursuant to 28 U.S.C. §§ 1441 and 1446, on the basis of the facts set forth below:

### BACKGROUND

1.    On or about June 17, 2013, Plaintiff Jorge Pilar Garcia commenced this putative class action against Defendants E.J. Amusements of New Hampshire, Inc. d/b/a Fiesta Shows, Eugene J. Dean III, and Norma Dean in the Massachusetts Superior Court, Suffolk County,

captioned *Garcia v. E.J. Amusements of N.H. Inc.*, *et al.*, Civil Action No. 2013-2204-E ("State Court Action"). A true and correct copy of the Original Complaint and Civil Action Cover Sheet is attached as Exhibit A.

2.     On September 12, 2013, Plaintiff Garcia filed an Amended Complaint in the State Court Action, adding additional Plaintiffs and Defendants. A true and correct copy of the Amended Complaint and Summons is attached as Exhibit B.

3.     Defendants first received service of the Summons and Amended Complaint on or about September 11 and 12, 2013. Plaintiffs did not serve the Original Complaint prior to service of the Amended Complaint. The documents attached as Exhibits A and B constitute all process, pleadings, and orders that have been served upon Defendants in the State Court Action.

4.     Plaintiffs' Amended Complaint in the State Court Action asserts claims under Massachusetts and New Hampshire statutory law pertaining to payment of wages and hours of work, in addition to claims based on the Massachusetts and New Hampshire state common law doctrines of unjust enrichment.

## TIMELINESS OF REMOVAL

5.     The Summonses and Complaint in the State Court Action were served on Defendants no earlier than September 11, 2013.

6.     This Notice of Removal is timely under 28 U.S.C. § 1446(b) as it is filed within thirty (30) days of Defendants' receipt of the Amended Complaint by service of process in the State Court Action.

## DIVERSITY JURISDICTION

7.     The Court has original jurisdiction of this action under the Class Action Fairness Act of 2005 ("CAFA"), codified in relevant part in 28 U.S.C. § 1332(d)(2). As set forth below,

this action is removable, pursuant to the provisions of 28 U.S.C. § 1441(a), as the amount in controversy exceeds $5,000,000, exclusive of interest and costs; the action includes more than 100 putative class members; and the action is a class action in which at least one class member is a citizen of a state different from that of at least one Defendant.

## Diverse Citizenship of the Parties

8.   **Defendants' Citizenship.**  Pursuant to 28 U.S.C. §§ 1332(c) and 1332(d)(10), a corporation or unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is incorporated or organized. Defendant E.J. Amusements of N.H., Inc. is now, and since this action commenced has been, organized under the laws of New Hampshire, with its principal place of business in New Hampshire.  *See* Am. Compl. ¶ 9.  Defendant Linda Chagros is also a citizen and resident of New Hampshire. *See* Am. Compl. ¶ 14.

9.   **Citizenship of the Class Members**.  Plaintiff Jorge Pilar Garcia is a citizen of Mexico and resident of Tlapacoyan, Veracruz; Plaintiff Zachary Duclos is a citizen and resident of Connecticut; and Plaintiffs George Kent and Jennifer Merrill are citizens of Massachusetts. *See* Am. Compl. ¶¶ 4-7.  Further, Plaintiffs seek to represent a class of individuals who are citizens and residents of each state in New England.  *See* Am. Compl. ¶¶ 2-3.

## Amount in Controversy

10.   The putative class, as Plaintiffs would constitute it, consists of more than 100 putative class members. *See* Am. Compl. ¶ 2.  In fact, according to Plaintiffs, the class consists of "approximately 200 workers." *See* Am. Compl. ¶ 2.

11.   Plaintiffs' Complaint seeks recovery on behalf of themselves and "all other individuals who have been employed by Defendants and have not been paid overtime or

minimum wage, as well as individuals who have been required to pay for expenses that should have been borne by Defendants." *See* Am. Compl. ¶ 3. "Plaintiffs seek compensation for their lost wages, treble damages (under Massachusetts law), attorneys' fees and costs, pre-and post-judgment interest, and any other relief that the Court deems proper." *See* Am. Compl. ¶ 3.

12. Based on Plaintiffs' allegations, the amount placed in controversy exceeds, in the aggregate, five million dollars ($5,000,000).[1] Indeed, Plaintiffs claim that they and other similarly situated individuals "regularly worked up to 14 hours per day, seven days a week, and at times worked up to 22 hour per day." *See* Am. Compl. ¶ 2. Thus, Plaintiffs allege that members of the putative class worked between 98 and 154 hours per week.

13. Assuming that the putative class consists of about 200 individuals and those individuals worked 56 hours per week (which is much less than Plaintiffs claim, as noted above), for 30.33 weeks each year over a 3-year statute of limitations period, earning approximately $400 per week, the amount in controversy exceeds $5,000,000. *See* Am. Compl. ¶ 2. Using these numbers based on Plaintiff's allegations, the putative class presumably seeks to recover $873,504 in minimum wage damages[2] and $1,164,672 in overtime damages[3], for a total of $2,038,176. Because damages under the Massachusetts wage laws are trebled (s*ee* Mass. Gen. Laws ch. 149, § 150), damages to the putative class would be at least $6,114,528. This amount

---

[1] Defendants do not concede that Plaintiffs are entitled to the amount of money that they put in controversy by filing their Amended Complaint asserting the legal claims presented in the State Court Action. To the contrary, Defendants maintain that Plaintiffs' claims are without merit and that Defendants have no liability to Plaintiffs or members of the putative class on any of the claims asserted in the State Court Action.

[2] (56 hours x $8/hr minimum wage) = $448/week in minimum wages due. This would yield an underpayment of $48 per person per week. 200 class members x $48/week in damages x 30.33 weeks/year x 3 years = $873,504.

[3] Overtime at 1.5 x a minimum wage of $8/hour would entitle each plaintiff to $4/hour for hours worked in addition to 40 per week, in addition to the minimum wage damages noted above. At 56 working hours per week (which is less time than Plaintiffs allege they worked), this amounts to $64 in putative overtime damages per person per week. With 200 people x 30.33 weeks/year x 3 years = $1,164,672.

far exceeds the $5,000,0000 requirement for CAFA jurisdiction, without even factoring the attorneys' fees to which Plaintiffs would be entitled under the Massachusetts Wage Act. *See id*.

14. Because diversity of citizenship exists under CAFA, because there are more than 100 putative class members, and because the amount in controversy exceeds $5,000,000, this Court has original jurisdiction of the action pursuant to 28 U.S.C. § 1332(d)(2). This action is therefore a proper one for removal to this Court.

## VENUE

15. Venue lies in this Court pursuant to 28 U.S.C. § 1441 and 1446(a) because this action originally was brought in the Massachusetts Superior Court, Suffolk County, which is within the District of this Court.

16. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal, together with a copy of this Notice of Removal, will be filed with the Clerk of the Massachusetts Superior Court, Suffolk County. All parties will receive a copy of the notice filed with that court.

17. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon Defendants in this action are attached hereto as Exhibits A and B.

18. All Defendants in this action, by and through their undersigned counsel, hereby join in and consent to the removal of this action to this Court.

WHEREFORE, for the reasons stated above, Civil Action No. 2013-2204-E, pending in the Massachusetts Superior Court, Suffolk County, hereby is removed to this Court.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | DEFENDANTS E.J. AMUSEMENTS OF NEW HAMPSHIRE, INC. D/B/A FIESTA SHOWS, FIESTA SHOWS, INC. D/B/A D/B/A FIESTA SHOWS, ATSEIF FESTIVAL MOBILE, INC. D/B/A FIESTA SHOWS, EUGENE DEAN III, EUGENE DEAN, LINDA CHAGROS, NORMA DEAN, and MARY DEAN, |
|  | By their attorneys: |
| DATED: October 9, 2013 | /s/ Anthony S. Califano<br>Barry J. Miller (BBO # 661596)<br>    email: bmiller@seyfarth.com<br>Anthony S. Califano (BBO #661136)<br>    email: acalifano@seyfarth.com<br>Seyfarth Shaw LLP<br>Two Seaport Lane, Suite 300<br>Boston, MA 02210-2028<br>Telephone: (617) 946-4800<br>Fax: (617) 946-4801 |

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of October, 2013, a copy of the foregoing document was filed electronically through the Court's ECF system and served by first class mail, postage pre-paid, on the following counsel for Plaintiffs:

Shannon Liss-Riordan
LICHTEN & LISS-RIORDAN, P.C.
100 Cambridge Street, 20th Floor
Boston, MA 02114

/s/ Anthony S. Califano
Anthony S. Califano