# Exhibit A

COMMONWEALTH OF MASSACHUSETTS
SUPERIOR COURT DEPARTMENT

**SUFFOLK, ss.**                                   **Superior Court**
                                              **Civil Action No.** 13-2204 E

JORGE PILAR GARCIA, on behalf of himself
and all others similarly situated,

                Plaintiffs,

            v.                                           **JURY DEMANDED**

E.J. AMUSEMENTS OF N.H., INC. d/b/a
FIESTA SHOWS, EUGENE J. DEAN III,
and NORMA DEAN,

                Defendants.

## CLASS ACTION COMPLAINT

### I. INTRODUCTION

1. Plaintiff Jorge Pilar Garcia brings this case alleging that Defendants have violated the Massachusetts wage laws by failing to pay the minimum wage, failing to pay time-and-a-half for hours worked in excess of forty per week, and forcing employees to pay pre-employment expenses that should have been properly borne by Defendants. Defendants operate Fiesta Shows, New England's largest traveling amusement park. Defendants employed Jorge Pilar Garcia and approximately 200 other individuals as maintenance workers who were responsible for assembling, dismantling, and operating Defendants' amusement park rides throughout New England. Plaintiff and all other maintenance workers were paid at a flat rate per week, regardless of how many hours they worked. As a result of this practice, in certain

weeks, Plaintiff's pay, and the pay of other maintenance workers, fell far below the Massachusetts minimum wage. Additionally, Plaintiff and many other maintenance workers traveled to the United States on an H2-B visa in order to provide services to Defendants. These maintenance workers were forced to bear the cost of the visa and travel expenses, costs that ought to have been borne by Defendants. Furthermore, Plaintiff and all other maintenance workers regularly worked up to 14 hours per day, seven days a week, and at times worked up to 22 hours per day. Plaintiff and the other maintenance workers were not paid time-and-a-half for overtime hours. Accordingly, Plaintiff alleges violations of the Massachusetts wage laws, Mass. Gen. L. Chapters 149 and 151, and seeks compensation for lost wages, trebling of damages, interest, attorneys' fees and costs, and any other relief that the Court deems proper.

2. Plaintiff Garcia brings these claims on behalf of himself and all others similarly situated, namely other individuals who have been employed by Defendants in Massachusetts and have not been paid overtime and/or minimum wage and who have been required to pay for expenses that should have been borne by the Defendants.

II. **PARTIES**

3. Plaintiff Jorge Pilar Garcia is an adult resident of Tlapacoyan, Veracruz, Mexico. He was employed by Defendants from approximately March 2010 through October 2011, performing maintenance services, including assembling, dismantling, and operating amusement rides in various locations throughout New England.

4. The above named Plaintiff brings this action on behalf of himself and all others similarly situated, namely all other individuals who have worked for Defendants and have not received all wages to which they are entitled, as described below.

2

5. Defendant E.J. Amusements of N.H., Inc. is a New Hampshire corporation d/b/a "Fiesta Shows", New England's largest traveling amusement park. Fiesta Shows operates at various locations throughout Massachusetts and New England.

9. Defendant Eugene J. Dean III is and adult resident of Salisbury, Massachusetts. He Is listed as the President and Treasurer of Defendant E.J. Amusements of N.H., Inc. In the company's filings with the New Hampshire Secretary of State.

10. Defendant Norma Dean Is and adult resident of Salisbury, Massachusetts. She is listed as the Director and Secretary of Defendant E.J. Amusements of N.H., Inc. in the company's filings with the New Hampshire Secretary of State.

## III. STATEMENT OF FACTS

11. Defendants operate New England's largest traveling Amusement Park, "Fiesta Shows."

12. Fiesta Shows travels and operates throughout Massachusetts at numerous locations, including, Chelsea, Lawrence, Randolph, Wilmington, Scituate, and Beverly.

13. Defendants have employed individuals, including Plaintiff Garcia, to perform maintenance services, such as erecting, dismantling, operating, and otherwise maintaining amusement rides.

14. Plaintiff Garcia and all other maintenance workers performed these tasks throughout Massachusetts on behalf of Defendants.

15. Defendants paid these individuals a flat per week regardless of the number of hours worked (typically less than $400 per week).

19. Plaintiff Garcia and the other maintenance workers regularly worked up to 14 hours a day seven days per week and at times worked up to 22 hours per day.

20. Because these individuals worked long hours and were paid only a flat weekly rate (typically less than $400 per week), their wages regularly fell far below the Massachusetts minimum wage.

21. Plaintiff and the other maintenance workers regularly worked well in excess of forty hours per week, sometimes working as many as 95 hours in one week.

22. Defendants did not pay Plaintiff, or the other maintenance workers, time-and-a-half for any hours worked in excess of forty hours per week.

23. Many of the maintenance workers were employed by Defendants pursuant to an H2-B visa.

24. An H2-B visa allows a worker to temporarily stay and work in the United States.

25. Defendants required H2-B maintenance workers to pay the cost of their visa and their travel expenses.

26. Plaintiff paid approximately $500 for each of the two H2-B visas he was required to obtain as a pre-condition of providing services to Defendants.

27. Additionally, Plaintiff was forced to bear the cost of travel expenses within Mexico to reach the consulate and obtain his visa, and to bear the cost of travel expenses to reach the United States border.

4

IV. **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

28. Pursuant to state law requirements set forth in Massachusetts General Law Chapter 149 § 150, Plaintiff Garcia filed his claims with the Office of the Attorney General and has received a right to sue letter in order to proceed on his claims in court.

## COUNT I

### (Violation of Massachusetts Minimum Wage Law)

By failing to pay Plaintiff and other maintenance workers the full Massachusetts minimum wage for all hours worked, Defendants have violated Mass. Gen. L. C. 151 § 1. This claim is brought pursuant to Mass. Gen. L. c. 151 § 20.

## COUNT II

### (Violation of Massachusetts Overtime Law)

By failing to pay Plaintiff and other maintenance workers time-and-a-half for hours in excess of forty per week, Defendants have violated Mass. Gen. L. c. 151 § 1A. This claim is brought pursuant to Mass. Gen. L. c. 151 § 1B.

## COUNT III

### (Violation of Massachusetts Wage Law)

By requiring Plaintiff and other maintenance workers to pay pre-employment expenses that should have been properly borne by Defendants, Defendants have violated Mass. Gen. L. c. 149 § 148. This claim is brought pursuant to Mass. Gen. L. c. 149 § 150.

## COUNT IV

(Unjust Enrichment)

The Defendants' conduct, as set forth above, in reaping unfair benefit through violations described above render them liable under the common law doctrines of unjust enrichment/quantum meruit, pursuant to the common law of Massachusetts.

## JURY DEMAND

Plaintiff requests a trial by jury on his claims.

WHEREFORE, Plaintiff requests that this Court enter the following relief:

1. Certification of this case as a class action pursuant to Mass. Gen. L. c. 149 § 150, Mass. Gen. L. c. 151 § 20, and/or Rule 23 of the Massachusetts Rules of Civil Procedure;
2. An award of damages for all wages that are due to the named plaintiff and all similarly situated employees;
3. Statutory trebling of damages;
4. Pre-judgment and post-judgment interest;
5. Attorney's fees and costs; and
6. Any other relief to which the named plaintiffs and similarly situated employees may be entitled.

Respectfully submitted,

JORGE PILAR GARCIA, on behalf of himself
and all others similarly situated,

By his attorneys,

Shannon Liss-Riordan, BBO #640716
Elizabeth Tully, BBO #685855
LICHTEN & LISS-RIORDAN, P.C.
100 Cambridge Street, 20th Floor
Boston, MA 02114
Telephone: (617) 994-5800
Facsimile: (617) 994-5801
Email: sliss@llrlaw.com; etully@llrlaw.com

Dated:   June 17, 2013

7

**2**

| CIVIL ACTION COVER SHEET | TRIAL COURT OF MASSACHUSETTS SUPERIOR COURT DEPARTMENT COUNTY OF | DOCKET NO. 13-2204 E |
|---|---|---|
| | SUFFOLK | |
| PLAINTIFF(S) Jorge Pilar Garcia, et al. | DEFENDANT(S) E.J. Amusements of N.H., Inc. d/b/a Fiesta Shows, et al. | |

Type Plaintiff's Attorney name, Address, City/State/Zip Phone Number and BBO# | Type Defendant's Attorney Name, Address, City/State/Zip Phone Number (If Known)

Shannon Liss-Riordan, BBO #640716
Lichten & Liss-Riordan, P.C.
100 Cambridge Street, 20th Fl.
Boston, MA 02114
Tel: 617-994-5800

TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)
CODE NO.    TYPE OF ACTION (specify)    TRACK                IS THIS A JURY CASE?

A99 Other (specify )  - Fast Track                          ( ) Yes  ( ) No

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
   1. Total hospital expenses
   2. Total doctor expenses
   3. Total chiropractic expenses
   4. Total physical therapy expenses
   5. Total other expenses (describe)
                                                                    Subtotal $
B. Documented lost wages and compensation to date
C. Documented property damages to date
D. Reasonably anticipated future medical expenses
E. Reasonably anticipated lost wages and compensation to date
F. Other documented items of damages (describe)
                                                                    $
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

                                                                    Total $

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)
Provide a detailed description of claim(s):

                                                                    TOTAL $...........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."
Signature of Attorney of Record _____  Date: June 17, 2013
A.O.S.C. 3-2007