## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

_____

|  |  |
|---|---|
| JORGE PILAR GARCIA and JENNIFER MERRILL, on behalf of themselves and all others similarly situated, ) ) ) ) ) ) | |
| Plaintiffs, ) ) | Civ. A. No. |
| v. ) ) | 1:13-cv-12536-PBS |
| E.J. AMUSEMENTS OF N.H., INC. d/b/a FIESTA SHOWS; FIESTA SHOWS, INC. d/b/a FIESTA SHOWS; ATSEIF FESTIVAL MOBILE, INC. d/b/a FIESTA SHOWS; DEAN & FLYNN, INC. d/b/a FIESTA SHOWS; FIESTA RIDES, INC., d/b/a FIESTA SHOWS; MGR AMUSEMENTS INC., d/b/a FIESTA SHOWS; WACKY WORM NH, INC., d/b/a FIESTA SHOWS; EUGENE DEAN III; EUGENE DEAN; LINDA CHAGROS; NORMA DEAN; and MARY DEAN, ) ) ) ) ) ) ) ) ) ) ) ) ) | **LEAVE TO FILE GRANTED NOVEMBER 5, 2014** |
| Defendants. ) ) | |

_____

### SECOND AMENDED CLASS ACTION COMPLAINT
### AND JURY DEMAND

## I.   INTRODUCTION

1.     Plaintiffs bring this class action complaint on behalf of employees who

have worked for Fiesta Shows, New England's largest traveling amusement park.  As

described further below, these employees have worked extremely long hours but have

not received overtime for hours worked in excess of forty per week, they have routinely

not received minimum wage and the contractual hourly wages to which they were

entitled, and many of them have been required to pay pre-employment expenses in order to obtain the work which should have been borne by the employer.

2.     Defendants have employed approximately 200 workers who have been responsible for assembling, dismantling, and operating Defendants' amusement park rides throughout New England.  These maintenance workers were paid at a flat rate per week, regardless of how many hours they worked.  As a result of this practice, the workers' pay regularly fell far below the statutory minimum wage and the contractual wages guaranteed under Defendants' agreements with the Department of Labor, to which the Plaintiffs and class members are third party beneficiaries.  This failure to pay wages constitutes a violation of the Mass. Gen. L. c 149, § 148 and N.H. Rev. Stat. § 275:43.  In addition, Plaintiffs were not paid overtime, despite the fact that the workers regularly worked up to 14 hours per day, seven days a week, and at times worked up to 22 hours per day.  Many of the workers traveled to the United States on an H2-B visa in order to work for Defendants, and these workers were forced to bear the cost of the visa and travel expenses, costs that ought to have been borne by Defendants.

3.     Accordingly, Plaintiffs allege violations of the Massachusetts wage laws (where much of the work was performed) and New Hampshire wage laws (the state in which the defendants are located).  Defendants have violated Mass. Gen. L. Chapters 149 and 151, and NH St. § 279.21, and are thus liable to the workers for wage violations, including failure to pay their promised wages, minimum wages, overtime, and reimbursement for expenses necessary for them to perform their jobs.  Plaintiffs also allege common law claims of unjust enrichment and breach of contract.  Plaintiffs allege that all of Defendants' violations of law were willful and without good cause.  Plaintiffs

2

bring these claims on behalf of themselves and all others similarly situated, namely all

other individuals who have been employed by Defendants and have not been paid

overtime or minimum wage, as well as individuals who have been required to pay for

expenses that should have been borne by the Defendants.  Plaintiffs seek

compensation for their lost wages, trebling of damages (under Massachusetts law),

attorneys' fees and costs, pre- and post-judgment interest, and any other relief that the

Court deems proper.

## II.   PARTIES

4.     Plaintiff Jorge Pilar Garcia is an adult resident of Tlapacoyan, Veracruz,

Mexico.  He was employed by Defendants from approximately March 2010 through

October 2011, performing maintenance services, including assembling, dismantling,

and operating amusement rides in various locations throughout New England.

5.     Plaintiff Jennifer Merrill is an adult resident of Amesbury, Massachusetts.

She was employed by Defendants from approximately May 2012 to October 2012,

performing maintenance services, including assembling, dismantling, and operating

amusement rides in various locations throughout New England.

6.     The above named plaintiffs bring this action on behalf of themselves and

all others similarly situated, namely all other individuals who have worked for

Defendants and have not received all wages to which they are entitled, as described

below.

7.     Defendant E.J. Amusements of N.H., Inc. d/b/a "Fiesta Shows", is a New

Hampshire corporation and operates New England's largest traveling amusement park.

3

Fiesta Shows operates at various locations throughout Massachusetts, New Hampshire, and New England.

8.      Defendant Fiesta Shows Inc., d/b/a "Fiesta Shows" is a New Hampshire corporation and operates New England's largest traveling amusement park.  Fiesta Shows operates at various locations throughout Massachusetts, New Hampshire, and New England.

9.      Defendant Atseif Festival Mobile, Inc. d/b/a "Fiesta Shows" is a Massachusetts corporation, and operates New England's largest traveling amusement park. Fiesta Shows operates at various locations throughout Massachusetts, New Hampshire, and New England.

10.      Defendant Dean & Flynn, Inc. d/b/a "Fiesta Shows" is a New Hampshire corporation, and operates New England's largest travelling amusement park.  Fiesta Shows operates at various locations throughout Massachusetts, New Hampshire, and New England.

11.      Defendant Fiesta Rides, Inc. d/b/a "Fiesta Shows" is a Massachusetts corporation, and operates as New England's largest travelling amusement park.  Fiesta Shows operates at various locations throughout Massachusetts, New Hampshire, and New England.

12.      Defendant MGR Amusements, Inc. d/b/a "Fiesta Shows" is a Massachusetts corporation, and operates New England's largest travelling amusement park.  Fiesta Shows operates at various locations throughout Massachusetts, New Hampshire, and New England.

13.     Defendant Wacky Worm, NH, Inc. d/b/a "Fiesta Shows" is a New Hampshire corporation, and operates New England's largest travelling amusement park.  Fiesta Shows operates in various locations throughout Massachusetts, New Hampshire, and New England.

14.     Defendant Eugene Dean III is an adult resident of Salisbury, Massachusetts.  He is listed as an officer and member of the Board of Directors of Defendant E.J. Amusements of N.H., Inc. and Dean & Flynn, Inc. in the companies' filings with the New Hampshire Secretary of State, and as an officer of MGR Amusements, Inc. in filings with the Massachusetts Secretary of State.

15.     Defendant Eugene Dean is an adult resident of Salisbury, Massachusetts. He is listed as a member of the Board of Directors of Fiesta Shows, Inc. and Wacky Worm NH, Inc. in the companies' filings with the New Hampshire Secretary of State.  He is also listed as an officer of Asteif Festival Mobile, Inc. and Fiesta Rides, Inc. in the companies' filings with the Massachusetts Secretary of State.

16.     Defendant Linda Chagros is an adult resident of Exeter, New Hampshire. She is listed as an Officer of Fiesta Shows, Inc. in the company's filings with the New Hampshire Secretary of State.

17.     Defendant Norma Dean is and adult resident of Salisbury, Massachusetts. She is listed as the Secretary of Defendant E.J. Amusements of N.H., Inc. and Fiesta Rides, Inc. in the companies' filings with the Massachusetts Secretary of State.

18.     Defendant Mary Dean is an adult resident of Salisbury, Massachusetts. She is listed as the President and Director of Asteif Festival Mobile, Inc. in the company's filings with the Massachusetts Secretary of State.

III.     **STATEMENT OF FACTS**

19.     Defendants operate New England's largest traveling Amusement Park, "Fiesta Shows."

20.     Fiesta Shows travels and operates throughout Massachusetts at numerous locations, including, Chelsea, Lawrence, Randolph, Wilmington, Scituate, and Beverly.

21.     Fiesta Shows also travels and operates throughout New Hampshire at numerous locations, and throughout New England.

22.     Defendants have employed individuals, including Plaintiffs, to perform maintenance services, such as erecting, dismantling, operating, and otherwise maintaining amusement rides.

23.     Plaintiffs and other maintenance workers performed these tasks throughout Massachusetts, New Hampshire, and New England on behalf of Defendants.

24.     Defendants paid these individuals a flat per week regardless of the number of hours worked (typically less than $400 per week).

25.     Plaintiffs and the other maintenance workers regularly worked up to 14 hours a day seven days per week and at times worked up to 22 hours per day.

26.     Because these individuals worked long hours and were paid only a flat weekly rate (typically less than $400 per week), their wages regularly fell far below the Massachusetts and New Hampshire minimum wage.

27.     Plaintiffs and the other maintenance workers regularly worked well in excess of 40 hours per week, sometimes working as many as 95 hours in one week.

28.    Defendants have not paid Plaintiffs, or the other maintenance workers, time-and-a-half for hours worked in excess of forty hours per week.

29.    Many of the maintenance workers, including Plaintiff Garcia, were employed by Defendants pursuant to an H-2B visa.

30.    An H-2B visa allows a worker to temporarily stay and work in the United States.

31.    Every year from 2006 to the present, Defendants applied for and were granted temporary labor certifications for employment of H-2B workers.  As a condition of obtaining these certifications, in accordance with 29 C.F.R. § 655.22, Fiesta Shows promised the United States Department of Labor that throughout each certification period, Fiesta Shows would pay at least the applicable prevailing wage to all H-2B and U.S. workers employed as maintenance employees for Fiesta Shows.

32.    The applicable prevailing wage rates varied by the location at which the Plaintiffs and class members performed their work and were expressed as an hourly rate.

33.    The plaintiffs and all class members were among the intended beneficiaries of the promises that Defendants provided to the Department of Labor.

34.    Defendants failed to pay the prevailing hourly wages to all Plaintiffs and class members.

35.    Defendants required H-2B maintenance workers to pay the cost of their visa and their travel expenses.

36.    Plaintiff Garcia paid approximately $500 for each of the two H2-B visas he was required to obtain as a pre-condition of providing services to Defendants.

7

37.     Additionally, Plaintiff Garcia was forced to bear the cost of travel expenses within Mexico to reach the consulate and obtain his visa, and to bear the cost of travel expenses to reach the United States border.

## IV.     EXHAUSTION OF ADMINISTRATIVE REMEDIES

38.     Pursuant to state law requirements set forth in Massachusetts General Law Chapter 149 § 150, Plaintiffs have filed their claims with the Office of the Attorney General and have received right to sue letters in order to proceed on their claims in court.

## COUNT I

## (Massachusetts Minimum Wage Claim)

39.     By failing to pay Plaintiffs and other maintenance workers the full Massachusetts minimum wage, Defendants have violated Mass. Gen. L. C. 151 § 1. This claim is brought pursuant to Mass. Gen. L. c. 151 § 20.

## COUNT II

## (Massachusetts Overtime Claim)

40.     By failing to pay Plaintiffs and other maintenance workers time-and-a-half for hours worked in excess of forty per week, Defendants have violated Mass. Gen. L. c. 151 § 1A.  This claim is brought pursuant to Mass. Gen. L. c. 151 § 1B.

## COUNT III

## (Massachusetts Expense Claim)

41.     By requiring Plaintiff Garcia and other maintenance workers to pay pre-employment expenses that should have been properly borne by Defendants,

Defendants have violated Mass. Gen. L. c. 149 § 148.  This claim is brought pursuant to Mass. Gen. L. c. 149 § 150.

## COUNT IV

### (New Hampshire Minimum Wage Claim)

42.     By failing to pay Plaintiffs and other maintenance workers the full New Hampshire minimum wage, Defendants have violated NH St. § 279:21.  This claim is brought pursuant to NH St. § 279:29.

## COUNT V

### (New Hampshire Overtime Claim)

43.     By failing to pay Plaintiffs and other maintenance workers time-and-a-half for hours worked in excess of forty per week, Defendants have violated NH St. § 279:21.  This claim is brought pursuant to NH St. § 279:29.

## COUNT VI

### (New Hampshire Expense Claim)

44.     By requiring Plaintiff Garcia and other maintenance workers to pay pre-employment expenses that should have been properly borne by Defendants, Defendants have violated NH St. § 279:21.  This claim is brought pursuant to NH St. § 279:29.

## COUNT VII

### (Unjust Enrichment)

45.     The Defendants' conduct, as set forth above, in reaping unfair benefit through violations described above render them liable under the common law doctrines

of unjust enrichment/quantum meruit, pursuant to the common law of Massachusetts and New Hampshire.

## COUNT VIII

### (Breach of Contract)

46.     In order to participate in the H-2B program, the Defendants guaranteed that the Plaintiffs and class members would be paid hourly prevailing wages determined by the Department of Labor.  Defendants breached these contracts by failing to pay wages at least equal to these prevailing wages set by the Department of Labor, and Plaintiffs and class members may recover for these breaches of contract, including as third party beneficiaries.  Defendants' failure to pay wages due under these contracts constitutes a violation of Mass. Gen. L c. 149, § 148 and N.H. Rev. Stat. § 275:43.

## JURY DEMAND

Plaintiffs request a trial by jury on their claims.

WHEREFORE, Plaintiffs request that this Court enter the following relief:

1.     Certification of this case as a class action pursuant to Mass. Gen. L. c. 149 § 150, Mass. Gen. L. c. 151 § 20, and/or Rule 23 of the Federal Rules of Civil Procedure;

2.     An award of damages for all wages that are due to the named plaintiffs and all similarly situated employees;

3.     Liquidated and statutory trebling of damages;

4.     Pre-judgment and post-judgment interest;

5.     Attorney's fees and costs; and

6.      Any other relief to which the named plaintiffs and similarly situated

employees may be entitled.

                             Respectfully submitted,

                             JORGE PILAR GARCIA
                             and JENNIFER MERRILL,
                             on behalf of themselves and
                             all others similarly situated,
                             By their attorneys,


                              /s/ Shannon Liss-Riordan_____
                             Shannon Liss-Riordan, BBO #640716
                             Matthew Thomson, BBO #682745
                             LICHTEN & LISS-RIORDAN, P.C.
                             729 Boylston St., Ste. 2000
                             Boston, MA 02114
                             Telephone:  (617) 994-5800
                             Facsimile:  (617) 994-5801
                             Email:  sliss@llrlaw.com
                             mthomson@llrlaw.com

Dated:      November 6, 2014


## CERTIFICATE OF SERVICE

      I hereby certify that on November 6, 2014, a copy of this document was served
by electronic filing on all counsel of record.

                               /s/ Shannon Liss-Riordan__
                             Shannon Liss-Riordan, Esq.