```
                 UNITED STATES DISTRICT COURT
                  DISTRICT OF MASSACHUSETTS
```

|  |  |
|---|---|
| JORGE GARCIA, ZACHARY DUCLOS, GEORGE KENT, and JENNIFER MILLER, on behalf of themselves and all others similarly situated,<br><br>                Plaintiffs,<br><br>        v.<br><br>E.J. AMUSEMENTS OF NEW HAMPSHIRE, INC. d/b/a FIESTA SHOWS; FIESTA SHOWS, INC. d/b/a FIESTA SHOWS; ATSEIF FESTIVAL MOBILE, INC. d/b/a FIESTA SHOWS; EUGENE DEAN III; EUGENE DEAN; LINDA CHAGROS; NORMA DEAN; and MARY DEAN,<br><br>                Defendants. | Civil Action No. 13-12536-PBS |

March 5, 2015

Saris, U.S.D.J.

**<u>MEMORANDUM AND ORDER</u>**

 Non-Party Centro de los Derechos del Migrante, Inc. (CDM), which describes itself as a non-profit legal services organization, objects in part to the magistrate judge's order requiring the organization to produce privilege logs for documents sought by Defendants E.J. Amusements of New Hampshire, Inc., et al. (Docket Nos. 122, 125). Defendants issued a subpoena to CDM seeking three categories of information: research materials referring to Plaintiff Jorge Garcia that were used to prepare a report on the abuse of migrant workers in the fair and carnival industry (Category 1); CDM's communications with Garcia

regarding his employment by defendants (Category 2); and CDM's correspondence relating to Garcia's attendance at a meeting with labor officials from the United States and Mexico (Category 3). CDM moved to quash the subpoena and sought a protective order on the grounds of attorney-client privilege, academic researcher privilege, attorney work product, and undue burden. (Docket No. 64). The magistrate judge denied the motions without prejudice and ordered CDM to produce a privilege log for all the documents sought. (Docket Nos. 122, 125).

CDM now objects in part to the magistrate judge's order. The organization does not object to producing a privilege log for Category 2, CDM's communications with Garcia regarding his employment by defendants. But it argues that producing a responsive privilege log for Category 1 will itself reveal privileged information, and producing the logs for Categories 1 and 3 will be an undue burden. The magistrate judge stayed the order pending the outcome of these objections. (Docket Nos. 177, 178). CDM's Objections to Magistrate Judge's Ruling (Docket No. 137) are **OVERRULED**.

## I. LEGAL STANDARDS

A district judge may reconsider a pretrial ruling of a magistrate judge only "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); <u>see also</u> Fed R. Civ. P. 72(a).

2

Under the "clearly erroneous" standard, the Court will accept the magistrate judge's findings of fact and conclusions drawn therefrom unless "after scrutinizing the entire record, we form a strong, unyielding belief that a mistake has been made." Phinney v. Wentworth Douglas Hosp., 199 F.3d 1, 4 (1st Cir. 1999) (quotation marks omitted). Under the "contrary to law" standard, the district court's review is plenary. See PowerShare, Inc. v. Syntel, Inc., 597 F.3d 10, 15 (1st Cir. 2010) ("[F]or questions of law, there is no practical difference between review under Rule 72(a)'s 'contrary to law' standard and review under Rule 72(b)'s de novo standard.").

## II. DISCUSSION

### A. Category 1 - Research Materials Referring to Garcia Used to Prepare a Report on Abuse of Migrant Workers in Carnival Industry

CDM first objects to the magistrate judge's order because it requires the organization to create a privilege log with respect to certain research materials referring to Plaintiff Garcia. These materials were allegedly used for a report on the abuse of migrant workers in the fair and carnival industry, which was co-authored by CDM and a clinic at the Washington College of Law at American University. CDM argues that the people they interviewed for the report agreed to do so on the condition of anonymity. As a result, producing a privilege log responsive to defendants' subpoena, CDM says, would necessarily require them to disclose whether Garcia participated in the report.

3

With respect to the discovery of confidential information compiled by academic researchers, the First Circuit has instructed courts to apply a multi-factor balancing test:

> Each party comes to this test holding a burden. Initially, the movant must make a prima facie showing that his claim of need and relevance is not frivolous. Upon such a showing, the burden shifts to the objector to demonstrate the basis for withholding the information. The court must then place those factors that relate to the movant's need for the information on one pan of the scales and those that reflect the objector's interest in confidentiality and the potential injury to the free flow of information that disclosure portends on the opposite pan.

Cusumano v. Microsoft Corp., 162 F.3d 708, 716 (1st Cir. 1998) (citing Bruno & Stillman, Inc v. Globe Newspaper Co., 633 F.2d 583, 597-98 (1st Cir. 1980)). "[C]oncern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs." Id. at 717.

At this threshold stage, the Court does not need to determine whether CDM qualifies for this academic privilege, or how to balance the competing interests with respect to the research materials sought by defendants. The magistrate judge's order does not definitively rule on whether CDM's materials are protected by attorney-client privilege, attorney work product, or an academic researcher privilege. Rather, the order simply requires CDM to briefly describe the nature of each document involving a plaintiff in litigation so that the parties and the court can assess the claims of privilege. This is consistent with Federal Rule of Civil Procedure 26(b)(5)(A)(ii), which requires a

4

party claiming privilege to "describe the nature of the documents, communications, or tangible things not produced or disclosed–and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." "Whatever quantum of proof is necessary to satisfy this obligation, a blanket assertion of privilege is generally insufficient." In re Grand Jury Subpoena (Mr. S.), 662 F.3d 65, 71 (1st Cir. 2011) (citations omitted). "Determining whether documents are privileged demands a highly fact-specific analysis-one that most often requires the party seeking to validate a claim of privilege to do so document by document." Id. The "universally accepted means" of claiming that documents are privileged is the production of a privilege log. In re Grand Jury Subpoena, 274 F.3d 563, 576 (1st Cir. 2001) (quoting Avery Dennison Corp. v. Four Pillars, 190 F.R.D. 1, 1 (D.D.C. 1999)).

The Court recognizes that creating a privilege log in these circumstances may necessarily require CDM to disclose whether Garcia was one of the anonymous contributors to its report. But CDM's interest in protecting Garcia's identity is diminished here. CDM has already agreed to create a privilege log for Category 2, which functionally discloses Garcia as one of CDM's clients in the advocacy arm of the organization. Also, Garcia is unlike the other anonymous contributors in the report in that he

5

has decided to file a lawsuit. See <u>McFayden v. Duke Univ.</u>, 2012 WL 4895979, at *4 (D. Me. Oct. 12, 2012) ("People who bring suit must expect that their prior statements that are relevant to their claims cannot be hidden from those whom they are suing."). Based on this record, the Court does not find that the magistrate judge clearly erred in ordering the creation of a privilege log.

**B. Categories 1 and 3 - Undue Burden**

CDM also objects to the magistrate judge's order on the grounds that creating a privilege log for Categories 1 and 3 will be an undue burden. With respect to its research materials (Category 1), CDM claims that preparing a privilege log would entail a "time-consuming" review of all the e-mails and files of the staff who researched, wrote, or reviewed the report over the course of several years. Similarly, CDM argues that preparing a privilege log for correspondence relating to the meeting between United States and Mexican labor officials (Category 3) would require the review of "many hundreds of internal e-mails and communications," which would "consume CDM's resources and would yield little if any information relevant to the claims or defenses at issue in this matter." This objection fares no better than the last.

Federal Rule of Civil Procedure 45(c)(3)(A)(iv) provides that "[o]n a timely motion, the issuing court must quash or modify a subpoena that . . . subjects a person to undue burden."

6

"When determining whether a subpoena duces tecum results in an undue burden on a party such factors as the relevance of the documents sought, the necessity of the documents sought, the breadth of the request, [and] expense and inconvenience can be considered." Behrend v. Comcast Corp., 248 F.R.D. 84, 86 (D. Mass. 2008) (quotation marks omitted).

CDM has not shown that the magistrate judge clearly erred by finding that the production of a privilege log would not represent an undue burden. CDM did not submit any affidavits specifically outlining the number of hours it would take to comply with the magistrate judge's order. Nor does the transcript contain any information to support a claim of undue burden. Rather, CDM only made conclusory statements regarding the burdens of producing a privilege log. See In re New England Compounding Pharm. Inc. Prod. Liab. Litig., 2013 WL 6058483, at *6 (D. Mass. Nov. 13, 2013) ("[A] party cannot rely on the mere assertion that compliance would be burdensome and onerous without showing the manner and extent of the burden and the injurious consequences of insisting upon compliance." (quotation marks omitted) (collecting cases)); see also Assoc. of Am. Physicians and Surgeons, Inc. v. Clinton, 837 F. Supp. 454, 458 n.2 (D.D.C. 1993) ("Defendants' burdensome argument is categorically rejected. The court does not accept such arguments without specific estimates of staff hours needed to comply, and defendants submitted no such estimates."). As a result, the Court cannot say that the magistrate judge

clearly erred by requiring CDM to produce privilege logs for Categories 1 and 3.[1]

### III. ORDER

CDM's Objections to Magistrate Judge's Ruling (Docket No. 137) are **OVERRULED**.

    /s/ PATTI B. SARIS
PATTI B. SARIS
United States District Judge

---

[1] CDM also argues that the vast majority of non-privileged documents in Category 3 solely relate to logistics and travel arrangements, which are not relevant to this case. This argument is besides the point. Because these documents are not privileged, they are not implicated by the magistrate judge's order to produce a privilege log.