UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

JORGE GARCIA, ZACHARY DUCLOS, )
GEORGE KENT, and JENNIFER MILLER, )
on behalf of themselves and all )
others similarly situated, )
)
            Plaintiffs, )
) Civil Action No. 13-12536-PBS
        v. )
)
E.J. AMUSEMENTS OF NEW HAMPSHIRE, )
INC. d/b/a FIESTA SHOWS; FIESTA )
SHOWS, INC. d/b/a FIESTA SHOWS; )
ATSEIF FESTIVAL MOBILE, INC. )
d/b/a FIESTA SHOWS; EUGENE DEAN )
III; EUGENE DEAN; LINDA CHAGROS; )
NORMA DEAN; and MARY DEAN, )
)
            Defendants. )

---

May 5, 2015

Saris, Chief Judge.

## ORDER

Plaintiff's Motion to Amend Complaint to Add Named Plaintiffs (Docket No. 249) is **ALLOWED IN PART AND DENIED IN PART WITHOUT PREJUDICE**. The motion to add Michelle Sherwin as a named plaintiff is **ALLOWED** without opposition. The motion to add Franklyn Lopez as a named plaintiff is **DENIED WITHOUT PREJUDICE** on the ground that there are no allegations in the proposed complaint or evidence that the arbitration clause in the "2014 Employment Job Offer & Contract" is specifically invalid. See Buckeye Check Cashing, Inc. v. Cardegna, 546 U.S. 440, 449 (2006)

("[A] challenge to the validity of the contract as a whole, and not specifically to the arbitration clause, must go to the arbitrator."); Dialysis Access Ctr., LLC v. RMS Lifeline, Inc., 638 F.3d 367, 383 (1st Cir. 2011) ("Although Appellants have challenged the validity of the [contract] as a whole, they have not specifically challenged the validity of the Arbitration Clause itself."); Farnsworth v. Townboat Nantucket Sound, Inc., 36 F. Supp. 3d 247, 254 (D. Mass. 2014) (rejecting argument that "because plaintiff was under duress when he signed the salvage agreement, he was also under duress when agreeing to the arbitration clause"). However, if Lopez prevails in arbitration or demonstrates the arbitration clause is specifically invalid, the Court will reconsider.

    /s/ PATTI B. SARIS  
    PATTI B. SARIS  
    United States District Judge